NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50097 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04862-LAB-1 |
| v. | |
| JOSE ROSARIO-MONTALVO, AKA Jose Montalvo-Rosario, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Argued and Submitted May 5, 2020
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and HELLERSTEIN,** District Judge.

Defendant-Appellant Jose Rosario-Montalvo appeals his sentence of 41

months of imprisonment and three years of supervised release for the felony of

illegal reentry after deportation, in violation of 8 U.S.C. § 1326. At sentencing, the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

court explained that the sentence was necessary to deter Rosario-Montalvo, who had three immigration-related convictions, had been deported eight times, and was not deterred sufficiently by a prior 37-month sentence for the same type of crime. Rosario-Montalvo argues that the custodial sentence is substantively and procedurally unreasonable due to the court's reliance on a misunderstanding of fact; that the imposition of mandatory and standard conditions of supervised release in the written judgment conflicted with the oral pronouncement of sentence, which did not mention mandatory or standard conditions; and that certain of the standard conditions of supervised release are substantively unreasonable, unconstitutionally vague, or both.

In determining Rosario-Montalvo's sentence, the district court applied a one-level fast track departure instead of the Government's recommended two-level departure, thereby raising the Guidelines range of custodial punishment. Rosario-Montalvo argues the sentence is substantively and procedurally unreasonable because the district court misunderstood Rosario-Montalvo's history of fast-track dispositions for prior convictions. We review the substantive reasonableness of the sentence for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012). Because defense counsel failed to object to the alleged procedural error at sentencing, we review it for plain error. *United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012).

19-50097

An erroneous finding of fact can give rise to a sentence that is substantively or procedurally unreasonable. *Ressam*, 679 F.3d at 1086; *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Early in the sentencing hearing, there was confusion in an exchange between the district court and the prosecutor about whether Rosario-Montalvo had received a fast-track disposition in the past. They were essentially talking past each other, with the district court referring to a 2010 conviction where Rosario-Montalvo received fast-track treatment, while the prosecutor was referring to a 2011 conviction where Rosario-Montalvo did not receive fast-track treatment. Nonetheless, before imposing the sentence, the district court resolved the confusion and correctly recited Rosario-Montalvo's history with respect to fast-track treatment. Therefore, the district court did not rely on an erroneous finding of fact, and the sentence was reasonable in relation to Rosario-Montalvo's prior history of illegal entries into the United States. The custodial sentence of 41 months is affirmed.

Rosario-Montalvo also argues that all but two conditions of supervised release must be vacated. At the sentencing, the district court announced two conditions of supervised release: a special condition prohibiting Rosario-Montalvo from reentering the United States and a mandatory condition prohibiting Rosario-Montalvo from violating the law. The court did not refer to any other conditions. The written judgment that followed included these two conditions, along with

mandatory and standard conditions. Compounding the issue, the district court used an outdated judgment form that included standard conditions that are no longer recommended. Furthermore, the written judgment did not note whether Rosario-Montalvo, who will likely be deported following his custodial sentence, will be free of supervision while outside the United States.

Rosario-Montalvo argues that all but the two conditions announced at sentencing must be vacated because they conflict with the oral pronouncement; that Standard Conditions Four, Five, Seven, and Thirteen also should be vacated because they are unconstitutionally vague; that Standard Conditions One, Two, Six, Eight, Nine, Ten, Eleven, and Twelve should be vacated because they are substantively unreasonable, since Rosario-Montalvo will be deported to Mexico; and that Standard Condition Three is both unconstitutionally vague and substantively unreasonable.

Because a defendant has a right under the Sixth Amendment and Federal Rule of Criminal Procedure 43(a)(3) to be present at his sentencing, "[t]he actual imposition of a sentence occurs at the oral sentencing, not when the written judgment later issues." *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). As a result, "it has long been the rule that, when an oral sentence is unambiguous, it controls over a written sentence that differs from it." *Id.* We review this issue *de novo*. *Id.*

In *Napier*, the district court stated during sentencing that additional conditions would apply, but it did not specify what they were. *See id.* Under those circumstances, we held that the "imposition of . . . mandatory and standard conditions is deemed to be implicit in an oral sentence imposing supervised release." *Id.* at 1043. This is particularly true for mandatory conditions, which the district court is required by law to impose. *See* 18 U.S.C § 3583(d) (listing mandatory conditions that "[t]he court shall order, as an explicit condition of supervised release"); *United States v. Evans*, 883 F.3d 1154, 1162 n.4 (9th Cir. 2018) (noting mandatory conditions "must be imposed on any defendant placed on supervised release"). Thus, the mandatory conditions in Rosario-Montalvo's case do not conflict with the oral pronouncement of sentence, and they are affirmed.

"A condition of supervised release violates due process 'if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *Evans*, 883 F.3d at 1160 (quoting *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004)). We review *de novo* whether a condition of supervised release is unconstitutionally vague. *Id.* at 1159-60. "A supervised release condition is substantively unreasonable if it 'is not reasonably related to the goal[s] of deterrence, protection of the public, or rehabilitation of the offender,' or if it infringes more on the offender's liberty than is 'reasonably necessary' to accomplish these statutory

19-50097

goals." *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (internal citations omitted) (first quoting *United States v. Collins*, 684 F.3d 873, 892 (9th Cir. 2012); then quoting 18 U.S.C. § 3583(d)(2)). We review for abuse of discretion whether a condition is substantively unreasonable. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

As a general rule, standard conditions also are implicit in an oral sentence imposing supervised release if the district court indicates that additional conditions will be included in the written judgment. *Napier*, 463 F.3d at 1043. However, they are not required and "are merely recommended to the extent that they serve the purposes of sentencing." *Evans*, 883 F.3d at 1162 n.4. Additionally, for a deportable alien like Rosario-Montalvo, many standard conditions simply do not make sense, for example, Standard Condition One prohibiting the defendant from leaving the judicial district without permission, Standard Condition Two requiring the defendant to report to the probation officer, and others. For this reason, the Sentencing Guidelines provide that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). *But see United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012) (holding that imposition of supervised release on deportable alien was not substantively unreasonable where district court "gave a

specific and particularized explanation that supervised release would provide an added measure of deterrence and protection based on the facts of [defendant's] case"). While the district court sufficiently explained why it was imposing supervised release, it failed to state which standard conditions would be imposed, and whether the conditions would apply in Mexico where Rosario-Montalvo would be deported, or only if Rosario-Montalvo reentered the United States. We vacate the standard conditions imposed by the judgment, and remand for the district court to determine upon resentencing which standard conditions apply and whether they will apply outside of the United States. *Cf. Napier*, 463 F.3d at 1043-44 (vacating and remanding where "we cannot say the inclusion of . . . conditions in the written judgment created a direct conflict," but "we do not have a complete and unambiguous sentence to leave intact").

The specific standard conditions to which Rosario-Montalvo objects were taken from an obsolete form of judgment. Because, upon resentencing, the district court will use a currently applicable form of judgment, with currently applicable standard conditions, it is unnecessary for us to rule on Rosario-Montalvo's constitutional objections. We do note that Standard Conditions Four, Five, and Thirteen, as recited in the outdated judgment form imposed by the district court, have already been deemed unconstitutionally vague. *Evans*, 883 F.3d at 1162-64.

19-50097

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties

shall bear their own costs.